# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br>　　vs.<br><br>EDGAR LOPEZ-HERNANDEZ,<br><br>　　　　　　　　　　　　Defendant. | CASE NO. 11CR4826-LAB<br><br>**ORDER GRANTING IN PART JOINT APPLICATION FOR SENTENCE REDUCTION PER U.S.S.G. AMENDMENT 782; 18 U.S.C. § 3575** |

　　In 2012, the Court sentenced Edgar Lopez-Hernandez to 100 months in custody for smuggling 48 pounds of cocaine into the United States.  He now asks the Court to reduce his sentence to 80 months.  The Government supports the request, and has joined him in filing a Joint Application for Sentence Reduction under Amendments 782 and 788 to the United States Sentencing Guidelines ("Guidelines" or "USSG") and 18 U.S.C. § 3582(c)(2). The Court finds that the defendant is eligible for a reduced sentence.  Under amended Guidelines, his offense level is 27,[1] and he remains in Criminal History Category II.  His

///

---

[1] The Court calculated Lopez-Hernandez's original sentence as follows:
```
Base Offense Level:                        34
Acceptance of Responsibility (§ 3E1.1):    -3
Substantial Assistance (§ 5K1.1):          -2
Adjusted Offense Level:                    29
Criminal History Category:                 II
Guideline Range:                           97-121 months
```

- 1 -

revised Guidelines range is 78-97 months.  The Court agrees that Lopez-Hernandez's sentence should be reduced, but not to 80 months.

When a defendant is eligible for a sentence reduction, the question becomes whether reducing his sentence is equitable and warranted in consideration of relevant § 3553(a) factors. *United States v. Trujillo*, 713 F.3d 1003, 1009 (9th Cir. 2013).  The factors include, among others: the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the need for deterrence; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; and the need to avoid unwarranted sentencing disparities among similarly situated defendants.  The Court analyzes the Joint Application against the backdrop of these factors and the reasons for the original sentence.

**§ 3553(a) Analysis**

In September 2011, Lopez-Hernandez drove his truck into the United States at San Ysidro accompanied by his son and his grandson, who were then ages 14 and 4, respectively.  A narcotics dog alerted to the truck and border guards discovered 48 pounds of cocaine hidden in a spare tire.  The defendant admitted that he was being paid $2000 to smuggle the drugs.

This wasn't the first time Lopez-Hernandez smuggled drugs into this country.  In 2005, he drove through the San Ysidro border crossing with 44 pounds of marijuana in his vehicle. Agents followed him to a house in Chula Vista where they uncovered 29 additional pounds of pot.  The defendant admitted that he had previously delivered marijuana to the house in a spare tire.

In connection with the 2005 incident, Lopez-Hernandez pled guilty to marijuana smuggling and was sentenced to 5 months in jail and 3 years supervised release.  He didn't perform well on supervision.  Six months after he was released from jail, he violated the supervised release conditions and landed back in jail for another 3 months.

/ / /

Under § 3553(a)(2)(A), the Court finds that Lopez-Hernandez's 2011 cocaine importation conviction was aggravated. The offense involved an extremely large quantity of a dangerously addictive drug. Forty eight pounds of cocaine is enough to keep a platoon of street drug dealers supplied for months, if not years. What's more, while the 2011 offense bore distinctive attributes of Lopez-Hernandez's past modus operandi – smuggling drugs in spare tires – this time the crime was more aggravated. The defendant not only smuggled more deadly drugs, he brought his minor dependents along and exposed them to the trauma and humiliation of witnessing him get arrested. The defendant's cynical decision to involve his son and grandson calls into question the quality of his judgment and his character. 18 U.S.C. 3553(a)(1).

Additionally, Lopez-Hernandez's prior felony conviction for smuggling drugs through the San Ysidro port of entry in 2005, and his unsatisfactory performance on supervised release for that offense, are negative factors in his history. Despite being arrested, prosecuted, convicted, and jailed for the earlier offense, he was not deterred from smuggling drugs. The need for specific deterrence is implicated here, and the Court believes that escalating consequences deter recidivist criminal conduct. The Court imposed a much longer custodial sentence than the minimal sentence Lopez-Hernandez received in 2005, with the objective that a longer sentence would deter him from smuggling drugs in the future. That objective remains important. 18 U.S.C. § 3553(a)(2)(B).

The Court has also considered the kinds of sentences available, the revised sentencing range authorized by Amendments 782 and 788, and the Policy Statements of the Sentencing Commission. Taking into account the type and amount of drug involved here, the defendant's recidivism, and kinds of sentences that this Court has imposed in similar cases, Lopez-Hernandez's original 100 month sentence was not disparate. 18 U.S.C. § 3553(a)(6). Still, the Court concludes that it is equitable for him to benefit to some degree from the change in the drugs laws.

/ / /

/ / /

**Conclusion**

The Joint Application for Sentencing Reduction pursuant to Amendment 782 and 18 U.S.C. § 3582(c)(2) is **GRANTED IN PART**. The Court orders that Lopez-Hernandez's original sentence of 100 months be reduced by 12 months to 88 months.

**IT IS SO ORDERED**.

DATED: September 15, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge